Providence Transit Concrete Corp.
vs.
Arthur J. Mulvey

W. C. A. No. 1533.

DECISION.

November 10, 1933.

WALSH, J. This is a petition by an employer to modify an agreement under the Workmen's Compensation Act filed in this Court in April, 1931, and the ground alleged in the petition for modification is that the total disability of the respondent has ceased and that the respondent at the present time is, and for some time past has been, only partially disabled and that he is able to do certain kinds of work. The petitioner next goes on to say that the respondent is now able to do light work which in time would assist him to recover his former employment and by doing such work his condition will so improve that he will gradually be able to do much heavier work, and the petition prays that the compensation agreement dated the 6th day of May, 1931, and approved on the 13th day of May, 1931, be modified.

In support of the petition the employer produced Dr. Harris, a reputable physician and expert. Dr. Harris examined this man on May 16, 1933, at which time he got his history, got his complaints, made a thorough phy-

sical examination and took some X-rays, and thereafter Dr. Harris, treating him as his physician, ordered physiotherapy for two months and re-examined him in July and then again in August, 1933. In the initial examination on May 16, 1933, Dr. Harris said that this man complained of stiffness of the spine, loss of motion in the leg, pain across the back, pain in the calf of his left leg, and some pain in the lower left lumbar region of the spine. There was more pain on the left than on the right. Dr. Harris' X-ray, as well as Dr. Murphy's, showed that there were fractures of the first, second, third and fourth transverse processes of the lumbar vertebrae on the left side; that the fracture of the third lumbar vertebra did not seem to be united; that there was some trouble between the first and second. The doctors disagreed about how to term that trouble but they both agreed that the trouble is there. Dr. Harris said that there was a calcification in the lateral spinal ligament of the first lumbar vertebra, plainly visible, that this calcification in the ligament seemed to bridge across and practically ankylosed the first and second lumbar vertebrae.

Dr. Harris says that after examination by him, physical examination and X-ray examination, he again examined him on July 17, 1933, and he was improved. Dr. Harris said there was no limitation of the forward and backward spinal bending; that the patient felt very much improved. He had apparently no discomfort and on that day, July 17, 1933, Dr. Harris recommended that he start in to do some light work to limber up his back muscles. Dr. Harris says on that day he could have driven a truck. In August, 1933, there was another examination by Dr. Harris, who says that at that time all the spine and hip movements were free and normal; that there was no muscular spasm; there was no objective sign of any discomfort. He did say, however, that the third lumbar vertebra at that time still remained un-united and displaced downward, but testified that there was no loss of motion and that the patient had full motion at the time. Again Dr. Harris said that the patient should go back and do some light work; that he later might do some heavier work.

Summing up Dr. Harris' testimony, it amounts to this: he does not say the man has totally recovered but he does say that, in his opinion, if this man went out and did some light work that he was capable of light work and that he should do it, and on that basis apparently this petition was filed.

Now, in answer to Dr. Harris, we have Dr. Murphy and Dr. Murphy examined Mulvey once, on October 2, 1933. Dr. Murphy finds tenderness over the lumbar vertebrae and over each hip bone and, on pressing, pain was indicated to him. He found some limitation in the right hip. He found some limitation in the left hip. He found the flexion limited and adduction limited, and he concluded that his manipulations were painful to the patient. He further testified that the manipulations which he did on the patient at the examination caused the patient very severe pain in the sacroiliac lumbar region.

Now they put the respondent, himself, on. He is a husky and vigorous looking young man and from all appearances would be capable of going out and doing a tough piece of work without much difficulty at the present time. But we can't judge by appearances. If this young man had been offered a job by the Providence Transit Concrete Corporation, a light job, and he refused to take it or he had tried it, I think I would look upon this in a little different light than I do. He hasn't had an opportunity to work at light work as far as I can see and until he is given that opportunity, and a fair opportunity, I don't think it is incumbent upon this Court, in the light

of the interpretatiton of this Workmen's Compensation Act, that it must be most favorably construed towards the employee, to assume things in regard to his condition, especially in the face of the diametrically opposed testimony by the medical gentlemen. They disagree and they disagree vitally. I am not going to say that this young man should not go to work. I agree with the doctors; I think that he should, if he can get it, go out and stretch those muscles and pull those tendons around even though it does cause him some discomfort. Exercise is a wonderful cure for all our troubles and even though he does get a twinge of pain, I think it is his duty to go out, particularly in view of his age—he is a young man only 33 years old and he doesn't want to become a helpless invalid—and he ought to go out and get those kinks out of his system. But until he is given that opportunity I am not going to disturb the order of the Court. I am going to deny and dismiss the petition without prejudice, however, giving the petitioner the right to offer this young man a job in its employ of a light nature and giving him an opportunity to try it out. If, after giving him that opportunity to work at a light job, you still conclude that he is not totally disabled, your right to petition this Court for a modification shall be reserved to you.

For petitioner: Henshaw, Lindemuth & Baker.

For respondent: Carroll, Dwyer & Murphy.